M. A. REEB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9847.    Promulgated October 10, 1927.

1. Where a father on January 1, 1918, executed a trust agreement in favor of his minor child, making the mother trustee and clothing her with the power to invest the funds constituting the corpus of the trust " as in her judgment may seem wise and proper, whether or not such investments are now or may hereafter be authorized by law for trust investments," and where thereafter the father executed a partnership agreement with his adult children and the trustee of the minor; and the evidence shows that both agreements were made in good faith, and the trustee is recognized as a partner, and has received as trustee her pro rata of profits from the partnership, as well as income from other investments, and is holding same as the separate estate of the minor, such estate is not the property of the father and should not be included in computing the father's taxable net income for the calendar years 1919 and 1920.

*Joseph A. Albrecht, Esq.,* and *Edward N. Mills, Esq.,* for the petitioner.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

The Commissioner determined deficiencies in income tax of $8,985.91 for the calendar year of 1919, and $50,161.48 for the year

1920. He also determined an overassessment of $11,142.96 for 1921 not arising from the denial of an abatement claim.

The Commissioner included in the taxable income of the petitioner for the year 1920 the amounts of $17,726.41 on account of investment by him in stock of the Elmhurst Investment Co. and $47,180 as profit arising from the reorganization of the Elmhurst Investment Co. It is, however, now stipulated that those two sums should be eliminated from the taxable income for the year 1920.

The question remaining is whether the income of the petitioner's minor daughter arising from a trust created by him for her January 1, 1918, should be included in computing the petitioner's taxable net income for each of the years involved.

### FINDINGS OF FACT.

The petitioner is a resident of Buffalo, N. Y. He has four children, the youngest, Virginia C. Reeb, being a minor.

On January 1, 1918, he created a trust estate for the minor daughter who at that time was about two months old. Her mother, Clara C. Reeb, was made trustee. The trust instrument executed by petitioner and his wife for the benefit of their minor daughter, clothed the trustee, the mother, with very broad, general, and discretionary powers in the discharge of her duties in the execution of the trust. The petitioner, at the time of the execution of the trust agreement, granted and delivered to the trustee, for the purposes of the trust, 50 shares of the common stock of the American Steamship Co. and $50 in cash, the minor prior to that date having no separate estate of any character. The trust agreement, among other things, provided:

The Trustee is hereby authorized and empowered to receive, hold, manage, protect, sell, invest and reinvest any and all of the property comprising this trust; to collect, recover, and receive the income thereof and therefrom; and to pay out all amounts necessary to the proper conduct or administration of this trust. * * *

The Trustee is hereby authorized and empowered to sell or otherwise dispose of, at such times and upon such terms and conditions as she shall deem proper or expedient any and all of the securities and/or property which shall at any time constitute a part of the corpus of this trust; and the Trustee is hereby similarly authorized and empowered to invest and reinvest the funds and securities which shall at any time constitute a part of the corpus of this trust as in her judgment may seem wise and proper, whether or not such investments are now or may hereafter be authorized by law for trust investments.

*    *    *    *    *    *    *

The Trustee shall not be responsible for any loss or damage which may result from the exercise of judgment or discretion in carrying out the provisions of this agreement, nor for any moneys or property except such as shall actually and in fact come into her possession by virtue of the provisions hereof.

On January 2, 1918, a partnership under the name of the Peerless Purchase Sales Co. was created by a written agreement of that date between the petitioner, his three adult daughters and his wife, Clara C. Reeb, as trustee for their minor child, Virginia C. Reeb. Each of the partners executed and paid into the partnership a $2,000 note, to be used and employed in and for the common benefit of the partnership business, which was a purchasing, selling and exchanging of property, real or personal, tangible or intangible. The notes executed by the various partners, including the note executed by Clara C. Reeb, as trustee, aforesaid, were all to fall due and be payable December 31, 1918.

The partners, under the original articles of agreement, were to share gains and losses equally and the copartnership was to continue until dissolved by operation of law or by mutual agreement. Subsequently, the husband of Clara C. Reeb agreed to share equally with his wife his one-fifth interest in the partnership and did so, distributions having been made thereafter in accordance with such arrangement.

By the tenth article of the partnership agreement, it was provided:

AND IT IS AGREED by the said copartners hereto that M. A. Reeb shall be the manager of the said business with authority to sign the firm name, hire and discharge employees, contract purchases and sales and conduct each and every transaction for which the partnership is formed or entered into, with power to compromise debts to the firm, or to collect the same at proper action of law or equity and to do whatever in his judgment appears to him best to accomplish the greatest profit possible from each and every transaction for the benefit of the said copartnership; to keep a record of all transactions and accounts performed by him for the copartnership, and to report the results of the said business to the other parties hereto, as soon after December 31st, of each year as it is possible for him to do.

The notes executed and given by the several partners for operating the business and so used, were subsequently paid from the profits of the first year's, 1918, business. The profits were distributed annually among the partners in the proportions heretofore indicated and the trustee of the minor daughter, who was entitled to one-fifth interest in the partnership and profits arising therefrom, received as her share as such, the following:

| | |
|---|---|
| 1919 | $18,424.16 |
| 1920 | 27,969.38 |
| 1921 | 24,984.20 |

The amounts so received were accumulated, invested and reinvested and are in the possession of the trustee and held by her as a separate fund for the minor.

From investments other than the partnership, the trustee for the minor received income as follows:

|  | 1919 | 1920 | 1921 |
|---|---|---|---|
| Interest, banks | $48.02 | $68.65 | $129.44 |
| Interest, bonds | 210.00 | 1,187.28 | 2,380.00 |
| Dividends | 250.00 | 5,982.00 | 2,188.00 |
| Capital gains | | 175.00 | |
|  | 508.02 | 7,412.93 | 4,697.44 |

Such income has also been accumulated and is held by said trustee for the minor's benefit and is for her kept in a separate safe deposit box. The trustee has always kept and still is keeping a complete set of separate books showing the income and investments of the trust.

All of the taxable income of the minor's estate has been included by the Commissioner in the petitioner's taxable income.

#### OPINION.

LITTLETON: The Commissioner increased the minor's income for the year 1920 (included in the petitioner's income) in the sum of $17,726.41, alleging same to be taxable income resulting from investment in stock of the Elmhurst Investment Co., and increased the petitioner's income for the same year $47,180, which he alleged to be taxable income resulting from the reorganization of the Elmhurst Investment Co.

These two sums are, however, by stipulation, eliminated from taxable income for the year 1920. The remaining complaint of the petitioner is that in computing his net income for the years involved, the Commissioner included the income of the trust in favor of petitioner's minor daughter, Virginia C. Reeb.

The Commissioner's action in determining deficiencies was apparently, as indicated in his answer, based on the idea that the trust instrument and the partnership agreement as regards the minor daughter were not *bona fide* and did not result in making a legal trust and partnership vesting the minor with any legal interest therein.

The evidence does not disclose that any one was ever appointed guardian of Virginia C. Reeb, although the mother as trustee for her under the trust agreement entered into a partnership arrangement with the father and adult daughters and received and now holds as a separate estate for her minor daughter certain funds, realized from the partnership and from the trust.

There is no indication from the evidence of bad faith on the part of the father in creating the trust in favor of the minor daughter,

nor in the partnership arrangement effected with his wife, the trustee, as one of the partners. The father's property was his own to do with as he desired. His wife could legally serve as trustee and in making her such for their minor daughter, he could impose restrictions and give the trustee the right and power to exercise her discretion in the matter of investments and handling of trust funds, as he did.

The father having legally created a trust and the mother having accepted and undertaken to execute the same as trustee and having acquired certain funds from the partnership and otherwise, which she now holds as a trust fund for the minor, such fund is not the property of the father and is not taxable to him as such. In creating the trust, the father made a separate estate for the minor daughter and ceased to have either ownership or control over the same. In such circumstances, the Commissioner erred in including the income of the minor's trust estate as a part of petitioner's taxable income.

     *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by SMITH and LOVE.